IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

| | | |
|---|---|---|
| **WILLIAM JOSEPH BOLES,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **No. 1:15-CV-0049-BL** |
| | § | |
| **NANCY A. BERRYHILL,[1]** | § | |
| **Acting Commissioner of Social Security,** | § | |
| | § | |
| **Defendant.** | § | |

## REPORT AND RECOMMENDATION

Pursuant to 42 U. S. C. § 406(b)(1), counsel for Plaintiff, Dominick Bonino, ("Movant") has filed a Notice of Motion (doc. 24) that he docketed as a Motion for Attorney Fees. Movant attaches an affidavit of counsel (doc. 24-2) and other exhibits (doc. 24-3) – retainer agreement (Ex. A), itemization of hours (Ex. B), and a notice of award (Ex. C). In addition, Movant filed a supporting memorandum. *See* Doc. 25. Defendant has filed a response (doc. 26) to which Movant has filed a reply brief (doc. 27). The fee motion is ready for ruling. The United States District Judge referred the case to the undersigned pursuant to 28 U.S.C. § 636 and the parties have not consented to proceed before a United States Magistrate Judge. After considering the briefing, attached documents, and applicable law, the undersigned recommends that the Court grant the fee motion.

## I. BACKGROUND

On August 11, 2016, the Court adopted a Report and Recommendation (doc. 18) and reversed the decision of the Commissioner and remanded this case for additional administrative proceedings consistent with the recommendation. *See* Order (doc. 19). The Court entered its Judgment (doc. 20) the same day. By Electronic Order of September 26, 2016, the Court granted an unopposed motion

---

[1]On January 20, 2017, Nancy A. Berryhill replaced Carolyn W. Colvin as the Acting Commissioner of Social Security. In accordance with Fed. R. Civ. P. 25(d), the Court automatically substitutes her as the named defendant.

for fees (doc. 21) under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412; awarded fees

in the amount of $2,590.00 and costs in the amount of $400.00; and also ordered that

> if Plaintiff is successful at the administrative level and counsel makes an application for attorneys fees before this Court under 42 U.S.C. § 406(b), counsel is granted an extension of thirty days from receipt of the Notice of Award within which to file a fee application in this Court that complies with Fed. R. Civ. P. 54(d)(2) and *Pierce v. Barnhart*, 440 F.3d 657, 663 (5th Cir. 2006) and satisfies the requirements of Fed. R. Civ. P. 6(b) for obtaining an extension of time after the passing of the time within which to act.

On December 29, 2017, Plaintiff timely filed the instant petition/motion for § 406(b) attorney

fees and provided an itemization of time expended; an affidavit regarding the legal background and

history of the three attorneys that worked on the case; the contingent fee contract entered into by

Plaintiff; and a Notice of Award from the Social Security Administration dated December 13, 2017.

The Notice of Award reveals that Plaintiff received a favorable decision from the SSA at the admin-

istrative level.  It further reveals that the SSA had informed counsel that it found Plaintiff disabled as

of December 14, 2012, and entitled to monthly disability benefits beginning June 2013.  The notice

advises Plaintiff that he had been awarded past-due benefits of $54,177.00 through August 2017 and

that it has withheld $13,544.25 from that amount, which represents 25% of those past-due benefits.

Movant indicates that he will promptly refund the lesser EAJA fees to Plaintiff if the Court grants the

current request for fees.

## II.  DISCUSSION

"Sections 406(a) and 406(b) of the Social Security Act provide for the discretionary award of

attorney's fees out of the past-due benefits recovered by a successful claimant in a Social Security

action.  Section 406(a) allows an attorney to receive fees '[f]or representation of a benefits claimant

at the administrative level.'"  *Murkledove v. Astrue*, 635 F.3d 784, 787 (5th Cir. 2011) (quoting

*Gisbrecht v. Barnhart*, 535 U.S. 789, 794 (2002)).  Section 406(b), on the other hand, "governs the

award and collection of fees by attorneys for the representation of claimants in court." *Id.* at 788.

Section 406(b)(1)(A) provides in pertinent part:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment . . ..

Section 406(b) authorizes an award of fees after the attorney has obtained "a favorable decision on remand." *Jackson v. Astrue*, 705 F.3d 527, 531 (5th Cir. 2013).

Contingent fee agreements are common in social security cases. *See Gisbrecht*, 535 U.S. at 800 (observing that contingent-fee arrangements "are the most common fee arrangement between attorneys and Social Security claimants"). But judicial review acts as an "independent check" of any award of attorney fees under § 406(b), including contingent-fee agreements, to ensure that the award is reasonable and in compliance with § 406. *Id.* at 807. The attorney seeking fees has the ultimate burden to show that, "[w]ithin the 25 percent boundary . . . the fee sought is reasonable for the services rendered." *Id.* Although the Fifth Circuit has declined to limit "consideration of what constitutes a windfall to some exhaustive list," it has stated that such consideration "is not a simple reiteration of the lodestar method," and has recognized several factors that the courts have considered, including "risk of loss in the representation, experience of the attorney, percentage of the past-due benefits the fee constitutes, value of the case to a claimant, degree of difficulty, and whether the client consents to the requested fee." *Jeter v. Astrue*, 622 F.3d 371, 382 (5th Cir. 2010) (citation omitted).

Because the Social Security Administration did not notify Plaintiff of the portion of retroactive benefits available for payment of counsel's fee until December 13, 21017, counsel timely filed the fee petition in accordance with the granted extension of time. Counsel seeks court approval for a fee payment of $8,725.00 (approximately 16% of the past-due benefits through August 2017) and a court

3

order directing the Social Security Administration to release that amount as an attorney fee. As reflected in the itemization of services rendered, attorneys for Plaintiff expended 18.50 hours on this case in this Court. Although Movant does not charge an hourly fee for services rendered, he states that, if he did, the rate would be at least $450.00. While he recognizes that the hourly rate for the requested fees would be $471.62, he urges the Court to find the requested fees reasonable and not a windfall. In addition, counsel recognizes that this Court previously awarded fees of $2,590.00 under the EAJA and that he is obligated to reimburse Plaintiff for the lesser amount of fees awarded through the instant motion and the EAJA.

After reviewing the motion, attachments, response by the Commissioner, and applicable law, including the various factors recognized in *Jeter*, the Court should find that (1) attorneys have a substantial risk of loss in appealing social security issues to federal court; (2) counsel briefed the issues in this case in a fourteen-page brief and two-page reply brief; (3) the primary attorney on the case expended 14.90 hours of work and has over twenty years experience in social security matters, Movant expended 2.30 hours and has similar experience, and a third attorney expended 1.30 and is a 2010 law-school graduate;[2] (4) the value of the case to claimant is substantial (just under $1,000.00 in monthly benefits and approximately $50,000.00 in past due benefits even after subtracting the requested attorney fees); (5) requested fees amount to about 16% of past-due benefits through August 2017); (6) the existence of a contingent fee agreement reflects at least some indication that Plaintiff consented to the fees; (7) the degree of difficulty of the issues does not warrant finding that the requested fees are unreasonable; and (8) the requested attorneys' fees are reasonable under all the circumstances.

---

[2]Movant is the only attorney who has entered an appearance in this case for Plaintiff.

## III.  CONCLUSION

For the foregoing reasons, the Court should **GRANT** the fee motion (doc. 24); **AWARD** counsel fees in the amount of $8,725.00 out of Plaintiff's past-due benefits pursuant to 42 U.S.C. § 406(b), and **ORDER** the Social Security Administration to release such amount for attorneys' fees to Plaintiff's counsel, Dominick Bonino.  Because the Court previously awarded fees in the amount of $2,590.00 pursuant to the EAJA, the Court should direct counsel to refund that amount to Plaintiff as the smaller of the two fee awards.

A copy of this Report and Recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of this Report and Recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the District Court, except upon grounds of plain error.  *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

**SO ORDERED this 23rd day of May, 2018.**

_____

**E. SCOTT FROST**
**UNITED STATES MAGISTRATE JUDGE**